(No. 6828.   March 19, 1941.)

GOLDIE PARKER, Appellant, v. TWIN FALLS COUNTY, Employer, and STATE INSURANCE FUND, Surety, Respondents.

[111 Pac. (2d) 865.]

292

Rayborn & Rayborn and Harry Povey, for Appellant.

Clarence L. Hillman, for Respondents.

BUDGE, C. J.—A. C. Parker, sheriff of Twin Falls county, died as a result of injuries sustained in an automobile accident about 25 miles east of Wendover, Utah. Appellant, his widow, sought compensation and from an order of the Industrial Accident Board denying compensation this appeal is prosecuted.

The Industrial Accident Board found, and there is evidence to support said findings, that the office of the sheriff of Twin Falls county had received numerous complaints for investigation concerning the theft of cattle and horses in the southern part of said county which adjoins the state of Nevada and that numerous trips of investigation had been made into these regions. The facts with reference to the trip on which the accident occurred are set forth in the findings as follows:

"on the morning of the 9th day of December, 1939, said sheriff told one of his deputies that he was going on that day into the State of Nevada on business; that on said morning said sheriff also told a friend that he was on that day going into the Three Creek country (southeastern corner of Owyhee county) to check up on some cattle cases . . . that in the forenoon of the 9th day of December, 1939, . . . said sheriff, accompanied by his wife, the claimant herein, departed from the City of Twin Falls and

traveled in an automobile owned by said Twin Falls county over U.S. Highway No. 93, a distance of 116 miles to Wells, Nevada, and thence without stopping at Wells, he proceeded easterly over U.S. Highway No. 40 a distance of 25 or 30 miles to Oasis, Nevada where he purchased 10 gallons of gasoline and consulted for a few minutes with the gas station attendant, from Oasis he proceeded southerly over a country road a distance of about 13 miles to Shafter, Nevada, where his sister and her husband lived and operated a gas station and lunch counter; that at Shafter said sheriff and his wife visited and had dinner with said relatives and then invited them and a boy, who was making his home with them, to accompany the sheriff and his wife on a trip to Delle, in the state of Utah; that a brother of said sheriff at that time lived and operated a gasoline service station at Delle, Utah; that in the late afternoon on the 9th day of December, 1939, the sheriff accompanied by his wife and sister and her husband and said boy, proceeded from Shafter, Nevada, back to said Oasis and thence easterly on U.S. Highway No. 40 a distance of about 103 miles through the town of Wendover, which is east of the Utah, Nevada state line, to Delle, Utah; that all of said persons spent the night of that day in the home of the sheriff's brother at Delle and remained there until a little after 3:00 o'clock on the afternoon of December 10, at which time the sheriff accompanied by the same persons as before and accompanied also by a nephew left Delle on their return trip for the purpose of taking the sheriff's sister and her husband and said boy and said nephew to Shafter, Nevada; that it was the sheriff's intention to then proceed with his wife from Shafter to Wells, Nevada, and to then proceed back to his home at Twin Falls that night; that while the sheriff and said group of relatives, all traveling in said automobile, were proceeding westerly in the state of Utah over U.S. Highway No. 40 said automobile was wrecked and the sheriff received fatal injuries from the effects of which he died on the 13th day of December, 1939; that at the time of the accident said sheriff was wearing his official badge as sheriff of Twin Falls County,

State of Idaho, and was carrying a gun furnished to him as such sheriff by said county."

The board further as a finding determined:

"That the accident sustained by the said A. C. Parker on the 10th day of December, 1939, in the State of Utah, as hereinbefore described, did not arise out of and in the course of his employment with the defendant, Twin Falls County, State of Idaho; that at the time of said accident the said A. C. Parker was engaged in business personal to himself and his family and relatives and was not engaged in any business pertaining to the office of sheriff of Twin Falls County, State of Idaho."

Appellant urges the Industrial Accident Board erred in finding that the accident did not arise out of and in the course of A. C. Parker's employment with Twin Falls county, and in making its ruling of law and order denying appellant compensation and dismissing the proceedings, urging that the finding is not supported by but directly contrary to the evidence and that the evidence conclusively shows that A. C. Parker was engaged in matters pertaining to his office of sheriff at the time of the accident.

Appellant relies upon *In re Christie,* 59 Ida. 58; *Zeier v. Boise Transfer Co.,* 43 Ida. 549; *England v. Fairview School District,* 58 Ida. 638; *Wineland v. Taylor,* 59 Ida. 401; *Marks' Dependents v. Gray,* (N. Y.) 167 N. E. 183, and other cases to support the proposition that compensation should have been allowed because if the work of an employee created the necessity for travel, he is "in the course of employment" within the meaning of the Workmen's Compensation Act, while so traveling though he is serving at the same time some purpose of his own, the board simply being required to find that the service of the employer is at least a concurrent cause. The clearly announced rule of this court is set forth in *Wineland v. Taylor,* 59 Ida. 401, 406, as follows:

"This court has clearly announced the rule that 'if the service of the master was a concurrent cause of the trip, *which the servant was taking at the time of the accident,* the master would be liable for compensation.' (*In re Christie v. Robinson Construction Co.,* ante p. 58, 81 Pac. (2d) 65, 72.)"

In *Wineland v. Taylor, supra,* it is further said:

"While there are borderline cases and some deviation in the authorities from this rule, the deviation will be found to be in its application to the particular facts rather than from the rule itself. One such notable case being in the Matter of *Mark's Dependents v. Gray,* 251 N. Y. 90, 167 N. E. 171."

In *In re Christie, supra,* this court quotes the following from *Marks v. Gray, supra:*

" 'The test in brief is this; If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. (*Clawson v. Pierce-Arrow Motor Car Co.,* 231 N. Y. 273, 131 N. E. 914.) If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk. . . . ' The foregoing quotations state the law on the subject as we understand it."

██ Under the particular facts of this case it appears that the finding, ruling of law and order of the board was correct because of a failure of proof on the part of appellant in view of the announced rule of this court and courts generally. While there may be said to be evidence that the sheriff made the trip to Nevada and to the town of Oasis, Nevada, at least partially in furtherance of official business, there is no evidence that shows or tends to show that the trip from Oasis, Nevada, to Shafter, Nevada, and from Shafter, Nevada, to Delle, Utah, and return to Oasis, was made in furtherance of official business. In so far as the record discloses the sheriff made a separate and distinct side trip of many miles, *in excess of 200 miles round trip,* purely for personal reasons, and it was on this side trip that the accident occurred. In so far as shown the work of the sheriff did not create the necessity for this lengthy side trip. There is nothing to indicate that the work of the sheriff created the necessity for travel from Oasis to Delle, Utah, and return. The record does not disclose that the service of the master was a

concurrent cause of the out of the way side trip which the servant was taking at the time of the accident.

The order of the Industrial Accident Board is affirmed. No costs allowed.

Givens, Morgan, Holden and Ailshie, JJ., concur.

(Attached sketch shows route traveled, places visited and distances.)