173 P.2d 722
### COWLES v. STATE INS. FUND et al.
### No. 7312.

Supreme Court of Idaho.
Oct. 24, 1946.

---

3 Needham v. Needham, 34 Idaho 193, at page 198, 200 P. 346.

Walter M. Oros, of Boise, for appellant State Insurance Fund.

E. B. Smith, of Boise, and Ralph W. Nelson, of Coeur d'Alene, for respondents and cross-appellants.

AILSHIE, Chief Justice.

This is an action under the Workmen's Compensation Law, Code 1932, § 43-901 et seq., for payment of death benefits to widow of deceased workman, and to determine liability of sureties.

In October of 1944, respondent and cross-appellant, J. A. Cartier van Dissel, employer, was engaged in logging operations in Hauser Lake, Kootenai county. Effective October 3d of that year, a workmen's compensation policy was issued by appellant, State Insurance Fund, and delivered to van Dissel, covering the logging operations. October 25th an advance deposit of $75 was paid by the employer, and thereafter pay roll reports and further premiums were sent in to the Fund, including the last payment January 4, 1945, covering the period to January 1, '45. The policy contained the following clause: "This policy shall remain in full force and effect until cancelled by the Fund, and the liability of the Insured for the payment of all premiums and assessments which shall become due hereunder, shall contiuue until said policy is cancelled, and thereafter until paid."

January 15, 1945, application was made by van Dissel to the Idaho Compensation Company, for workmen's compensation coverage, which application was accepted and

policy issued, dated January 15, 1945, covering the period from that date to January 1, '46; bond was approved by the Board January 25th. Subsequent to January 15, '45, pay rolls were reported and premiums paid by the employer to respondent, Idaho Compensation Company. On the same date (January 15th) van Dissel wrote appellant as follows:

"This is to advise you that I have applied for a Hospital Contract at Coeur d'Alene, Ida., with Drs. Husted & Fox, and have contacted the Insurance firm of Adams & Son at C d'Alene, Ida., to handle the State Insurance matter with your department, providing it meets with your approval.

"This for your information."

February 9th the employer again wrote appellant the following letter:

"Since the Industrial Accident Board approved my Hospital Contract with Drs. Husted & Fox of C. D'Alene, and inasmuch as the Idaho Compensation Co. & Adams & Son of C. d'Alene are now carrying my account, please be advised that I paid my January Payroll Insurance to Adams & Son, together with an Advance Deposit, which they requested.

"On Oct. 4, 1944, I made an Advance Deposit to you of $75.00, and would appreciate refund of same at your earliest convenience."

The deposit, however, was not returned to the employer and the policy was not cancelled by the State Insurance Fund, although the underwriter for appellant Fund made a notation for cancellation, which read "Effective March 12, '45," and under the words, "Reason for Cancellation", (printed on the slip) he placed a check mark after the line reading, "Request of the Insured".

In a "Statement of Facts" filed with the Board, counsel for the respective parties agreed that

"no affirmative action has been taken by the State Insurance Fund to notify the Industrial Accident Board or Mr. Van Diesel of cancellation of its policy No. 25613 and that Mr. Van Diesel has not been billed by the State Insurance Fund for premiums subsequent to January 1st, 1945."

"That the Idaho Compensation Company admits they received· an application for workmen's compensation insurance from J. A. Cartier Van Diesel dated January 5th, 1945; that the application shows he had been carrying workmen's compensation insurance with the State Insurance Fund; that the expiration date of the policy with the State Insurance Fund was dated December 31, 1944."

Further indicating that the insurance, under this policy with the State Insurance Fund, was still in force, May 29, 1945, van Dissel filed report of an injury to C. R. McGary, an employee, stating he was insured by the Fund. The report was attached to McGary's claim for compensation. July 18, 1945, the Fund paid McGary $26 as ·compensation for an injury by accident sustained by ·him May 29, 1945.

June 26, 1945, Jerome Cowles was killed as a result of an accident arising out of and in the course of his employment with van Dissel. July 3d van Dissel, employer, sent in his report to the Board, in which he states he was "Insured by State Insurance." Clara Cowles, respondent, wife of the deceased and his only dependent, filed a petition for hearing with the Industrial Accident Board June 29, 1945. An answer to the petition was filed by van Dissel and the Idaho Compensation Company February 26, 1946, answer by the State Insurance Fund was filed February 27th and hearing was had February 28, 1946.

The Board found the sole issue in the case to be a question of law; that the defendant employer does not deny or contest his liability to the claimant; that the defendant, State Insurance Fund, admits the liability of the employer but denies its own liability as surety, on the date of the deceased workman's fatal accident; that the defendant, Idaho Compensation Company, admitting its liability as surety, contends that the State Insurance Fund was a co-surety and also liable.

Findings of fact, rulings of law and order were made and entered by the Board, that the employer, van Dissel, and his sureties, Idaho Compensation Company and the State Insurance Fund, and each of them, pay to claimant,

"as death benefits on account of the accidental death of her husband, Jerome L. Cowles, at the rate of $12 per week for a period of 400 weeks from the 26th day of June, 1945, unless prior to that time she shall die or remarry, in either of which events, payment of said benefits shall cease; and

"That the said defendants, and each of them, pay burial expenses of said deceased workman in the amount of $200 to the Cassidy Funeral Home, of Coeur d'Alene, Idaho.

"Provided that the payment in whole or in part of the foregoing award by either of said defendants shall, to the extent thereof, be a bar to the recovery by claimant against the other defendant of the amount so paid."

From this award, defendant, State Insurance Fund, has appealed. The employer, van Dissel, and his surety, Idaho Compensation Company, have cross-appealed from the award.

The State Insurance Fund (appellant) assigns fourteen errors and the cross-appellants assign seven errors, and all of them are predicated on the theory, that the Board erred in finding that the policy issued by the Fund and the one issued by the Idaho Compensation Company were both still in force and effect at the time of the accident. We will not therefore consider them separately but rather as a whole.

Ever since receipt of a letter, under date of June 30, 1930, written to the Board by the then manager of the State Insurance Fund (F. E. Fisk), the Board has ruled the procedure, with respect to State Insurance Fund policies, to be as follows:

"In accordance with our verbal understanding relative to the filing of. continuation certificates in connection with policies issued by this Fund, would state that we are requesting that you consider this letter in lieu of continuation certificates as extending all policies now filed with your Board by the State Insurance Fund until such time as cancellation of such policies is made in accordance with the terms of the Workmen's Compensation Law.

" 'We further request that you consider *policies to be filed in the future as coming within this category.' "* (Italics supplied.)

In the case of Hauter v. Coeur d'Alene Antimony Mining Co., 39 Idaho 621, 228 P. 259, we announced the rule as follows: "An insurance policy insuring an employer under the Workmen's Compensation Act, * * * can only be canceled by the insurance company's strictly complying with the conditions of the policy relating to the manner of canceling the same." (Cited and followed in the case of Home Accident Co. v. Pleasant, 36 Ariz. 211, 284 P. 153, 156; see, also, 107 A.L.R. 1515, note.)

■ Strict compliance in the matter of cancellation of compensation insurance policies has·long been adhered to in this jurisdiction and is enjoined by the statute, secs. 43-1601, 43-1608, 43-1720, I.C.A. The Fund failed to comply with its regulations and the requirements of the act, in not notifying the employer of cancellation or not refunding unearned premiums.

■ The fact, that the employer took out insurance with the Idaho Compensation Company, does not relieve the Fund from liability under its contract; nor does the liability of the Fund relieve the Idaho Compensation Company of its liability, where as herein the original insurer (the Fund) had assumed liability, accepted the premium and failed to cancel its policy and, subsequently, while the original insurance was in effect, the Idaho Compensation Company had also assumed liability. Each of the policies recognized the right of the employer to carry other additional insurance.

From the foregoing facts, as they appear from the record, and upon the authority of Hauter v. Couer D'Alene Antimony Mining Co., supra, it seems clear that the award of the Board was in accord with previous opinions of this court and in harmony with the requirements of the Workmen's Compensation Law, which enjoins liberality in favor of the workman in compensation cases. Sec. 43-901 et seq., I.C.A.; see, also, Stover v. Washington County, 63 Idaho 145, 152, 118 P.2d 63, and cases there cited.

The award of the Board should be affirmed, and it is so ordered.

BUDGE, GIVENS, HOLDEN and MILLER, JJ., concur.