199 P.2d 268

**HOLT v. SPENCER LUMBER CO. et al.**

**No. 7433.**

Supreme Court of Idaho.

Nov. 1, 1948.

Henry S. Martin, of Idaho Falls, for appellant Spencer Lumber Co.

E. A. Owen, of Idaho Falls, for John W. Holt.

W. Lloyd Adams, of Rexburg, for respondents, W. L. Sutherland, M.D., and National Surety Corporation.

E. B. Smith, of Boise, for respondent Idaho Compensation Co.

Robert E. Smylie, Atty. Gen. and Glenn A. Coughlan, Asst. Atty. Gen., of Boise, for appellants.

GIVENS, Chief Justice.

Appellant Lumber Company was a partnership consisting of S. E. Holt, and S. E. Holt, Jr., father and son, purchasers in 1946 of the enterprise from certain predecessor owners operating a saw mill at Spencer, who had carried workmen's compensation with the State Insurance Fund. Said policy was not assigned, but the partnership paid premiums to and which were accepted by, the Fund subsequent to the above date.

Likewise, the predecessors had a purported hospital contract with Dr. Sutherland of Rexburg, the latest hospital bond thereunder filed October 1946, by the predecessors. The contract and bond, if effective, were so May 29, 1947. The policy with the State Fund was ex-medical and the premium lower because of the hospital contract.

The present Company gave Mr. Harn of Dubois, representing Idaho Compensation Company, respondent, an application for insurance in that concern dated May 19, 1947, containing this recitation: "Expiration date of present policy. Notice has been sent State Insurance Fund. And your policy is to be effective as of the date of this application."

On this application, covering bond was issued by the Idaho Compensation Company June 20, 1947, reciting that the Company became obligated for workmen's compensation from and after 12:01 o'clock a. m. standard time June 20, 1947.

The Lumber Company continued to pay premiums to the State Insurance Fund until June 20, 1947, cancellation of the State Insurance Fund policy being issued May 22, 1947, to be effective at 12:01 a. m. June 20, 1947—the deferred date being because of the requisite thirty days notice, Section 43-1720 I.C.A., the notice for cancellation having been given by Mr. Harn for the Lumber Company to the State Fund about May 17, 1947.

Mr. Harn's contract of agency with the Idaho Compensation Company was not produced and the evidence was somewhat conflicting and indefinite as to his initial authority to bind the Company, and there was positive evidence the application had to be approved at its home office before the coverage would become effective. The Idaho Compensation Company contends it likewise had to be on file with the Industrial Accident Board, Section 43-1601 I.C.A., but it was not so filed until June 18, 1947.

May 29, 1947, claimant, a son of the elder Holt and brother of S. E. Holt, Jr., was seriously injured in the mill. S. E. Holt, Jr., immediately took claimant to a hospital

and physician in Idaho Falls, where he was treated and ultimately released as surgically healed, though with a permanent, determined disability. Dr. Sutherland was never notified of the accident or called upon by the claimant, the employers, surety or anyone else to furnish medical, surgical or hospital care for claimant. Dr. Sutherland had previously notified Mr. Harn for Mr. Holt that he would not be available during June 1947, but he was at his Hospital and available at the time of the accident.

Notice of injury and claim for compensation was first made out May 29, 1947, the employer stating therein it was insured by the State Insurance Fund. June 18, 1947, a second notice of injury and claim for compensation was made, containing this statement by the employer:

"Insured by Idaho Compensation Company, and State Ins. Fund."

The Idaho Compensation Company, by answer denied liability because its policy was not in effect prior to June 20, 1947, and the State Insurance Fund was solely liable.

The State Insurance Fund admitted it was one of the sureties, but that the Idaho Compensation Company was equally liable and sought release from any medical liability because there was a claimed hospital contract in force and effect. Dr. Sutherland and his surety by answer sought release from liability on the ground he had never been asked for medical, surgical or hospital services, or given an opportunity to render the same.

Under the facts and circumstances herein, the Board correctly released the Idaho Compensation Company on the ground the cancellation of the State Fund policy was not effective until June 20, 1947; premiums were paid the State Fund until that date and the bond of the Idaho Compensation Company was not effective prior to that date. Cowles v. State Insurance Fund, 67 Idaho 165, 173 P.2d 722. It likewise correctly released Dr. Sutherland from liability because he had never been called upon, or given an opportunity, to render service, and properly entered an award against the Spencer Lumber Company and S. E. Holt, Jr., the surviving partner, and State Insurance Fund for medical and hospital expenses. Epperson v. Texas-Owyhee Mining & Development Co., 63 Idaho 251, 118 P.2d 745.

The evidence was silent as to whether the claimant had accepted the hospital contract. The Board found in this particular:

"There is no proof that the claimant had accepted the benefits of the hospital contract and the inference from the testimony of his employer brother is that claimant and other employees in the working season of 1947 were not asked to accept such a contract, for the employer believed it did not have a hospital contract. But assuming, for the sake of exposition, that claimant was a qualified beneficiary of such hospital contract, the employer with special knowledge

of that fact and of the accidental injury, failed to give the contract physician notice of said accidental injury and also failed, as it was obligated to do under the terms of the hospital contract, to transport the injured claimant to the contract physician or his hospital. Instead, without seeking consent of the contract physician, the employer transported the injured man to another physician and another hospital. By such omissions and such acts the employer thereby relieved the contract physician of liability to this claimant—a liability for medical treatment which he had theretofore undertaken under Sec. 43-1108 I.C.A., and the employer reassumed as to this claimant its statutory liability under Sec. 43-1107 I.C.A.

"The Board, therefore, rules that the employer is liable to claimant for the full recovery, both on account of disability and of medical treatment to which claimant is entitled under the Workmen's Compensation law."

We find no justification for the assumption that the claimant had accepted the hospital contract. The State Insurance Fund, as an affirmative defense, urged there was a hospital contract in effect, releasing it from its liability under Section 43-1107 I.C.A. A hospital contract is a three-way agreement between the employer, the hospital or contract physician, and the employees. Arneson v. Robinson, 59 Idaho 223, at page 238, 82 P.2d 249; Epperson v. Texas-Owyhee Mining & Development Co., supra, 63 Idaho, 251, at pages 257, 258, 118 P.2d 745; Smith v. Clearwater County, 65 Idaho 271, at page 274, 143 P.2d 561. It not being shown claimant had accepted the hospital contract, the surety has not effectively absolved itself of the obligation resting upon it, together with the employer, under Section 43-1107 I.C.A. The Board, therefore, was justified in concluding the State Fund was liable not only for compensation, but also for medical expenses. Premium adjustment, if timely, to be made accordingly.

The Board was fully justified from the evidence in holding and concluding the claimant was not exempt from the right to compensation under subd. 6 of Section 43-904 I.C.A., as amended, 1939 S.L. Chap. 157, Sec. 1, page 283.

Interest was awarded, evidently from the respective due dates of each weekly payment prior to the date of the award. Section 43-1412 I.C.A., as amended, S.L. 1945, Chap. 119, p. 187, authorizes interest on unpaid installments, but interest begins to run only from the date of the award.

The Order, thus modified, is therefore affirmed.

Respective costs awarded to respondent-claimant, Idaho Compensation Company, Dr. Sutherland and his surety, National Surety Corporation.

HOLDEN and HYATT, JJ., and GLENNON and BAKER, Dist. JJ., concur.