333 P.2d 456

In the Matter of the Death of Wendell HILLENBRAND.

Frank LANGLEY, as next friend for and on behalf of Donald and Sally Hillenbrand, minor chidlren of deceased, Claimant-Respondent and Cross-Appellant,

v.

CONSOLIDATED FREIGHTWAYS, Inc., Employer, and State Insurance Fund, Surety, Defendants-Appellants and Cross-Respondents.

No. 8603.

Supreme Court of Idaho.

Dec. 23, 1958.

Graydon W. Smith, Atty. Gen., Glenn A. Coughlan, William B. Taylor, Asst. Attys. Gen., for appellant.

Walter M. Oros, Frank Langley, Boise, for respondent.

PORTER, Justice.

Appellant, Consolidated Freightways, Inc., conducts a freightline business in many western and mid-western states, including the states of Washington, Oregon and Idaho. A substantial part of its business is carried on in Idaho where it has

several freight terminals. About ten years prior to 1956, one Wendell Hillenbrand was employed by the Consolidated Freightways, Inc., in the State of Washington as an assistant terminal manager. On July 1, 1956, he was transferred to Portland, Oregon. On August 10, 1956, he was sent to Ontario, Oregon, to relieve the terminal manager at that place during the latter's vacation.

On August 21, 1956, Hillenbrand was sent by his employer from Ontario, Oregon, to Boise, Idaho, on business of the company. He left Ontario in an automobile furnished by the company, and was accompanied by his wife and family. He traveled by way of U. S. Highway No. 30, the same being the principal highway between Ontario and Boise. He stopped at Nampa, Idaho, on business for the company but arrived in Boise shortly before noon. He first visited the offices of the company in Boise, and then took his family to lunch. After lunch he returned to the company's offices, transacted company business and attended a meeting of some of the company employees.

At about 5:30 p. m. he met with his family, picked up a relative called "Aunt Pearl" and went to dinner. After dinner the party drove about eight miles out to Eagle to visit another relative. Hillenbrand then brought back "Aunt Pearl" to her home in Boise, returned to Highway No. 30 and started on the return trip to Ontario. On such return trip between Nampa and Caldwell, at about 10:15 p. m. the Hillenbrand car was involved in a head-on collision with another automobile. Both Mr. and Mrs. Hillenbrand were killed in such accident.

Claim for compensation on behalf of Donald and Sally Hillenbrand, minor children of deceased, Wendell Hillenbrand, was duly filed. Appellants resisted such claim at a hearing before the Industrial Accident Board. The Board made an award of compensation to such minors. From such award, defendants-appellants have appealed to this court.

By their assignments of error, defendants-appellants make three contentions: One, that the injury to deceased, Hillenbrand, was not the result of an accident arising out of and in the course of his employment because he had materially deviated from his course of employment and his employment had ceased prior to the accident; Two, that the Industrial Accident Board was without jurisdiction to act in such matter as the contract of employment was made outside of Idaho and the residence of deceased and of the minor children was outside the State of Idaho, and the State of Idaho only had a casual interest in the accident and injury; and, Three, that the Industrial Accident Board was barred from applying the Idaho law to such matter by the full faith and credit clause of the Constitution of the United States (Art. IV, § 1) as the law of the State of Oregon is paramount and under such law defendants-

appellants have a good defense as the Oregon law on Workmen's Compensation does not extend to injuries and accidents occurring outside the State of Oregon.

The Industrial Accident Board found that the contract of employment was made in the State of Washington. Defendants-appellants contend that this was error and that the evidence shows the contract of employment was made in Oregon. In our disposition of this case, as will hereinafter appear, it is immaterial whether the contract of employment was made in Washington or Oregon.

Considerable argument pro and con has been made by the parties as to the effect of I.C. § 72–615, which sets out the extra-territorial powers of the Industrial Accident Board. We will not set out such section or discuss it in detail as it has no application to this case where the accident occurred and the injury was received in the State of Idaho, and the Industrial Accident Board has taken jurisdiction, tried the cause and afforded relief under the Workmen's Compensation Law of Idaho. The Board has not asserted extra-territorial jurisdiction nor acted thereunder.

■ The contention of defendants-appellants that Hillenbrand was not in the course of his employment at the time of the accident by reason of his deviation in making the trip from Boise to Eagle and return cannot be sustained. He had completed the personal deviation, had returned to Highway No. 30 and was on the direct route to Ontario at the time of the accident. The accident occurred after the resumption of his course of employment and was compensable. I Larson's Workmen's Compensation Law, 275; Wineland v. Taylor, 59 Idaho 401, 83 P.2d 988; Parker v. Twin Falls County, 62 Idaho 291, 111 P.2d 865; Sater v. Home Lumber & Coal Co., 63 Idaho 776, 126 P.2d 810; Smith v. University of Idaho, 67 Idaho 22, 170 P.2d 404; Reed v. Russell, 67 Idaho 84, 172 P.2d 853; In re Linzy's Death, 79 Idaho 514, 322 P.2d 330.

Counsel have filed excellent and comprehensive briefs and cited numerous cases on the many ramifications of the question of jurisdiction, including the effect to be given the full faith and credit clause of the federal constitution. Under circumstances such as are shown in this cause, it would serve little purpose and unduly extend this opinion for us to attempt to discuss and determine the holdings in such cases. The views which we entertain on the question of jurisdiction, after a study of the cases on the subject, are epitomized in the quotations which immediately follow.

■ In II Larson's Workmen's Compensation Law, §§ 86 and 86.10, pp. 367–368, it is stated as follows:

"§ 86.00 Any state having a more-than-casual interest in a compensable injury may apply its compensation act

to that injury without violating its constitutional duty to give full faith and credit to the compensation statutes of other states also having an interest in the injury. Among the factors which, if occurring within the state, will give rise to such a legitimate interest are: the making of the contract, the occurrence of the injury, the existence of the employment relation, and possibly also the residence of the employee and the localization of the employer's business."

"86.10 Summary of grounds supporting applicability.

"There are six grounds on which the applicability of a particular compensation act has been asserted; they are that the local state is the:

"(1) Place where the injury occurred;

"(2) Place of making the contract;

"(3) Place where the employment relation exists or is carried out;

"(4) Place where the industry is localized;

"(5) Place where the employee resides; or

"(6) Place whose statute the parties expressly adopted by contract.

"When one of these falls within the local state, and some or all of the others occur in another state, the question arises whether the local state can apply its statute without being accused of denying full faith and credit to the statute of the other. As matters now stand, it seems quite clear that the state which was the locus of any one of the first three items—contract, injury or employment—and perhaps also of the next two—employee residence and business localization—can constitutionally apply its statute if it wants to."

On page 370 of the same work, it is stated that "Any impression that locus of injury was alone insufficient to support coverage was dispelled in 1939 by the Pacific Employers Ins. Co. v. Industrial Accident Commission of State of California case." 306 U.S. 493, 59 Sup.Ct. 629, 83 L.Ed. 940.

■ In Restatement of The Law, Conflict of Laws, § 399, p. 487, we find the following:

"Except as stated in § 401 [not material here] a workman may recover in a state in which he sustains harm under the Workmen's Compensation Act of that state although the contract of employment was made in another state, unless the Act provides in specific words or is so interpreted as to apply only when the contract of employment is made within the state."

■ The following cases, among others, lend support to our view that the Industrial Accident Board acted within its jurisdic-

tion: Ocean Accident & Guarantee Corp. v. Industrial Commission, 32 Ariz. 275, 257 P. 644; Beck v. Davis, 175 Okl. 623, 54 P.2d 371; United States Fidelity & Guaranty Co. v. Industrial Commission, 99 Colo. 280, 61 P.2d 1033; Buckingham Transp. Co. v. Industrial Commission, 93 Utah 342, 72 P.2d 1077; Collins v. American Buslines, 79 Ariz. 220, 286 P.2d 214; Carl Hagenbeck & Great Wallace Show Co. v. Randall, 75 Ind.App. 417, 126 N.E. 501; Johns-Mansville, Inc. v. Thrane, 80 Ind.App. 432, 141 N.E. 229; In re LaVoie's Case, 334 Mass. 403, 135 N.E.2d 750; Ginsburg v. Byers, 117 Minn. 366, 214 N.W. 55; Interstate Power Co. v. Industrial Commission, 203 Wis. 466, 234 N.W. 889; Esau v. Smith Bros., 124 Neb. 219, 246 N.W. 230; Schmidt v. Pittsburgh Plate Glass Co., Iowa, 55 N.W.2d 227; Knight v. Shepherd, 191 S.C. 452, 4 S.E.2d 906; Alaska Packers Association v. Industrial Accident Commission, 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044.

After the appeal in this cause by defendants-appellants, claimant-respondent filed a petition for hearing and rehearing and praying for the allowance of attorney's fees in accordance with I.C. § 72–611. The Board denied the petition as it deemed itself without jurisdiction to entertain such petition during the pendency of the appeal. Claimant-respondent appealed from the award order in so far as it failed to allow attorney's fees.

■ Section 72–611, I.C., provides that where the claim of a claimant is contested without reasonable ground or the defendant has neglected or refused to pay compensation within a reasonable time after the receipt of the claim, then attorney's fees may be allowed. While the Industrial Accident Board did not consider and pass upon the claim of respondent for attorney's fees, it would be useless to send the cause back to the Industrial Accident Board for further action in this respect as the case is one of first impression in this state and the evidence would not sustain a finding by the Industrial Accident Board that defendants-appellants did not have reasonable grounds for contesting the claim.

The order of the Industrial Accident Board awarding compensation is affirmed. Costs awarded to claimant-respondent.

TAYLOR and McQUADE, JJ., and DUNLAP, District Judge, concur.

KEETON, C. J., dissents.

SMITH, J., not participating.