Homer C. DAVIS, Plaintiff,

v.

MORRISON-KNUDSEN CO., Inc., a Delaware corporation and Perini Corporation, a Massachusetts corporation, joint venturers, Defendants.

Civ. No. 67–234.

United States District Court
D. Oregon.

July 30, 1968.

Bernard P. Kelly, Kelly, Grant & Cooney, Medford, Or., for plaintiff.

Stanley E. Sharp, Tooze, Powers, Kerr, Tooze & Peterson, Portland, Or., for defendants.

## OPINION

KILKENNY, District Judge:

Defendants' motion for a summary judgment is grounded on the theory that plaintiff's remedy, if any, is under the Workmen's Compensation Act of the state of Idaho and that this remedy is exclusive. The governing principle, as I view it, is whether Oregon or Idaho law should be applied. Plaintiff is a citizen of Oregon. Defendants are non-residents of this state, but do business herein.

Defendants hired plaintiff in Oregon on August 16, 1965, to operate a Caterpillar dump truck at the Hell's Canyon Dam site on the Snake River between Oregon and Idaho. He was assigned to the Oregon side of the project, but frequently criss-crossed the Idaho-Oregon boundary in the process of completing short delivery hauls. At the time of the accident, he had worked approximately 106 hours in Oregon and 48 hours in Idaho. However, on the days immediately preceding the accident, it appears that plaintiff was required to spend about 90% of his time in Idaho. Pursuant to an agreement between defendants and the Idaho and Oregon Teamsters Union, plaintiff was paid on the basis of four hours work in Oregon and four hours work in Idaho.

Plaintiff was injured when he made a trip into Idaho to pick up a load of clay building material. While so engaged, plaintiff fell and sustained injuries.

■■■ It is firmly established in Idaho that its Workmen's Compensation statute abrogates the common law action for negligence and is the sole remedy open to an injured workman. French v. J. A. Terteling & Sons, 75 Idaho 480, 274 P.2d 990 (1954). Idaho law is also clear that an employer is within the ambit of Idaho Workmen's Compensation even though the only contact is that the workman made an isolated trip into Idaho and while in the state was injured. Langley v. Consolidated Freightways, 80 Idaho 468, 333 P.2d 456 (1958). Thus, it is quite clear that plaintiff was covered by the Idaho statute, and that if Idaho law is to be applied, he is precluded from seeking recovery against defendants in tort.

■■■ Under Oregon law, as it stood at the time of the accident, plaintiff was engaged in a hazardous occupation as defined by ORS 656.084. ORS 656.024 allowed an employer engaged in a hazardous occupation to elect not to contribute to the Industrial Accident Fund. This election had to be filed with the

state and the employer had to post notices informing his employees of his election. The employer was then liable to his workmen for his negligence, default, or wrongful act as if the statutes had not been passed. The statute also provided that the common law defenses of the fellow-servant rule, contributory negligence, and assumption of risk could not be pleaded by the employer in such a common law action. Defendants elected not to be covered by the Oregon Workmen's Compensation statute and thus left themselves open to an action in tort in Oregon. Idaho law does not permit such an election and required them to contribute to the Idaho Workmen's Compensation fund. Immediately upon entry into the hospital at Baker, Oregon, plaintiff signed a "Notice of Injury and Claim for Compensation to Industrial Accident Board, Boise, Idaho." Plaintiff received benefits from defendants' insurance company for a period of time and when these were terminated, rather than ask the Idaho Board for a hearing, he instituted this tort action in Oregon.

The Oregon statute* expressly provides that an Oregon employee may recover under the Oregon Workmen's Compensation Act if he receives his injuries while temporarily outside of the state, just as if he was injured in Oregon. Formerly, the statute included the language: "If at the time of the accident he was not subject to the Workmen's Compensation Law of the jurisdiction in which he was injured." This provision had been eliminated prior to the conduct here in question. It is arguable that in a case such as the present, where the employee is covered by the Workmen's Compensation statutes of two states, one state cannot make its remedy exclusive so as to preclude recovery under the statute of the sister state. Carroll v. Lanza, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183 (1955).

■■ Defendants urge that the law of Idaho, rather than the law of Oregon, must be applied and cite Williamson v. Weyerhaeuser Timber Co., 221 F.2d 5 (9th Cir. 1955) and Nadeau v. Power Plant Engineering Co., 216 Or. 12, 337 P.2d 313 (1959), and others, in support of their position. Without question, those cases would be controlling if the Oregon court had not recently abandoned the traditional concept that the law to be applied in a tort action was the law of the place of the wrong. The rule now recognized by the Oregon court, is that the law of the state which has the most significant contacts with the occurrences and the parties is determinative of all rights and liabilities. Casey v. Manson Constr. & Engr. Co., 84 Or.Adv.Shts. 947, 428 P.2d 898 (1967); De Foor v. Lematta, 86 Or.Adv.Shts. 169, 437 P.2d 107 (1968), and Lilienthal v. Kaufman, 239 Or. 1, 395 P.2d 543 (1964). The court has listed the following factors as important in determining the state of most significant relationships: (a) the place where the injury occurred; (b) the place where the conduct occurred; (c) the domicile, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.

■ Here, plaintiff is a citizen of Oregon. Defendants were engaged in work in Oregon. The employment relationship between plaintiff and defendants was created in Oregon. Plaintiff resided in Oregon and his primary place of work assignment was in Oregon. Approximately 60% of his work load was in Oregon. His sole contact with the state of Idaho was to drive a truck to Idaho and return with a load of clay. On one of these trips he was injured. On the admitted facts, I have no difficulty in finding that Oregon is the jurisdiction where the parties had the most significant contacts. The United States Supreme Court recognizes the importance of the "significant contacts" rule. Crider v. Zurich Ins. Co., 380 U.S. 39, 85 S.Ct. 769, 13 L.Ed.2d 641 (1965).

* ORS 656.126.

**838**

[9] Consequently, under present Oregon law, this Court must look to the law of that state to determine whether defendants are liable to the plaintiff for tort damages. Under Oregon law, plaintiff is entitled to maintain this action.

■ Defendants' argue that the action in tort should be barred on the principle that when an injured employee seeks to maintain a common law tort action against his employer in one of two or more states having a legitimate interest in the work-injury, and that the forum should apply the law of the state in which the employer has provided compensation insurance and whose law granted such employer immunity from common law negligence actions. This view seems to be supported by Wilson v. Faull, 27 N. J. 105, 141 A.2d 768 (1958) and Jonathan Woodner Co. v. Mather, 93 U.S.App.D.C. 234, 210 F.2d 868 (1954). However, this precept is in direct conflict with Oregon public policy which gives defendants an election as. to whether to contribute to the Industrial Accident Fund or be open to tort liability. The Oregon court would not follow either the *Faull* or the *Mather* decisions, on facts such as here presented. Nor, in my opinion, would the Oregon court be guided by the tentative draft, § 403(b) of Restatement 2d, Conflict of Laws. The decisions in *Faull* and *Mather* are employed in support of the proposed section. Aside from the injury, the major significant contacts between the plaintiff and the defendants were in the state of Oregon. The law of the latter should be applied.

No claim is made, under the pre-trial order or otherwise, that the acceptance of benefits under the Idaho statute creates an estoppel or constitutes waiver, each of which would be an affirmative defense.

The case is set for trial during the week of August 26th.

Defendants' motion for a summary judgment must be denied.

It is so ordered.