STATE EX REL. H. S. JOHNSON SASH & DOOR COMPANY v. DISTRICT COURT, HENNEPIN COUNTY, AND OTHERS.

(FILAS v. H. S. JOHNSON SASH & DOOR COMPANY.)[1]

April 12, 1918.

No. 20,882.

**Workmen's Compensation Act — injury arising from the employment.**

An employee working in the relator's factory was hit and injured

[1] Reported in 167 N. W. 283.

by a missile thrown by a fellow-worker. The court found that it was customary for some of the workmen to throw at one another and at others; that the relator knew of the custom or should have known of it in the exercise of diligence; that the injured employee was at the time engaged in his work, and that he did not then and had not at any time engaged with his fellow-worker in sport of such kind. There was evidence that the employee had never engaged with any of the employees in such sport and that he had complained to the relator of the acts of his coworker. It is *held* that the ultimate finding that the injury arose out of the employment within the meaning of the Workmen's Compensation Act is sustained.

Upon the relation of H. S. Johnson Sash & Door Company the supreme court granted its writ of certiorari directed to the Honorable W. C. Leary, one of the judges of the district court for Hennepin county, to review proceedings in that court under the Workmen's Compensation Act brought by William Filas, employee, against relator, as employer. Affirmed.

*John A. Nordin,* for relator.

*Larrabee & Olson,* for respondent.

DIBELL, C.

Certiorari to the district court of Hennepin to review its judgment awarding compensation under the Workmen's Compensation Act to William Filas, an employee of the relator H. S. Johnson Company.

The relator company operates a woodworking factory. Filas was employed by it. The court finds that some of the employees of the relator, referred to in the evidence as boys or kids, were accustomed during working hours to throw missiles such as blocks of wood and sash pins at one another and at others including Filas; that the relator knew of the custom or should have known of it in the exercise of diligence; that on May 31, 1917, a fellow employee of Filas threw a sash pin at him in sport and without intending to injure him; that it hit him in the eye and destroyed his vision; that Filas was at the time engaged in his work, and that he did not then and had not at any time engaged with his fellow employee in sport of this kind. These findings are sustained. Filas claims that he at no time engaged with his fellow employees in throwing missiles and that he complained to

the company of the acts of the particular employee. No specific findings are made upon these points. The court finds that the accident arose out of Filas' employment. Whether it did is the only question.

The rule is well enough settled that where workmen step aside from their employment and engage in horseplay or practical joking, or so engage while continuing their work, and accidental injury results, and in general where one in sport or mischief does some act, resulting in injury to a fellow worker, the injury is not one arising out of the employment within the meaning of compensation acts. 1 Honnold, Work. Comp. § 121; Bradbury, Work. Comp. 649; Dosker, Comp. Law, § 106; Boyd, Work. Comp. § 476; note 12 N. C. C. A. 789; note L. R. A. 1916A, 23, 47-93; Hulley v. Moosbrugger, 88 N. J. Law, 161, 95 Atl. 1007, L.R.A. 1916C, 1203; Coronado Beach Co. v. Pillsbury 172 Cal. 682, 158 Pac. 212, L.R.A. 1916F, 1164; Fishering v. Pillsbury, 172 Cal. 690, 158 Pac. 215; Federal Rubber Mfg. Co. v. Havolic, 162 Wis. 341, 156 N. W. 143, L.R.A. 1916D, 968; Pierce v. Boyer-Van Kuran L. & C. Co. 99 Neb. 321, 156 N. W. 509, L.R.A. 1916D, 970; De Filippis v. Falkenberg, 170 App. Div. 153, 155 N. Y. Supp. 761; Armitage v. Lancashire & Y. Ry. Co. [1902] 2 K. B. 178; Fitzgerald v. Clarke [1908] 2 K. B. 796. Here we conceive the situation to be different. Filas was exposed by his employment to the risk of injury from the throwing of sash pins in sport and mischief. He did not himself engage in the sport. His employer did not stop it. The risk continued. The accident was the natural result of the missile throwing proclivities of some of Filas' fellow workers and was a risk of the work as it was conducted. In McNicol's Case, 215 Mass. 497, 102 N. E. 697, L.R.A. 1916A, 306, injuries resulting from blows administered in frenzy by an intoxicated fellow worker known by the employer to be in the habit of becoming intoxicated and in that condition to be dangerous were held to arise out of the employment. Liability was rested "upon the causal connection between the injury of the deceased and the conditions under which the defendant required him to work." In Clayton v. Hardwick Colliery Co. 9 B. W. C. C. 136, reversing 7 B. W. C. C. 643, a finding that a boy who was working with other boys in a colliery picking stones from coal and was injured by a stone thrown by another boy was so sub-

jected by his employment to a special risk that the injury arose out of his employment was sustained. In Challis v. London & S. W. Ry. Co. [1905] 2 K. B. 154, the injuries to an engineer who was driving his engine under a bridge and was hit by a stone thrown by a boy from the bridge were held to arise out of his employment. And see Pekin Cooperage Co. v. Industrial Board, 277 Ill. 53, 115 N. E. 128; In re Loper, —— Ind. App. ——, 116 N. E. 324; Knopp v. American &c. Co. 186 Ill. App. 605; State v. District Court of Koochiching County, 134 Minn. 16, 158 N. W. 713, L.R.A. 1916F, 957.

The ultimate finding that the injury to Filas arose out of his employment is sustained by the evidence.

Judgment affirmed.