Before STATE INDUSTRIAL BOARD, Respondent.

FRED A. FROST, Claimant, Respondent, *v.* H. H. FRANKLIN MANU-
FACTURING COMPANY and Another, Appellants.

Third Department, March 7, 1923.

**Workmen's compensation — claimant playfully pulled cap over another
employee's eyes — other employee readjusted cap with hand in which
he held file — file flew from handle and struck claimant in eye — injury
did not arise in course of employment.**

The claimant did not receive an injury in the course of his employment, where
it appeared that he playfully pulled a cap over another employee's eyes; that
a file, held in the hand of the other employee, flew from its handle when he
readjusted his cap, and struck the claimant in the eye causing the injury
complained of.

The accident only flowed as a continuance of the primary act of the claimant who
voluntarily stepped aside from his employment to satisfy a purely personal
desire.

KILEY and HASBROUCK, JJ., dissent, with memorandum.

APPEAL by the defendants, H. H. Franklin Manufacturing Com-
pany and another, from an award of the State Industrial Board,
made on the 19th day of January, 1922.

*Clarence B. Tippett,* for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-
General,* of counsel], for the respondents.

HINMAN, J.:

We cannot see how the award in this case can be sustained.
The claimant was in charge of the tool storage department of the
H. H. Franklin Manufacturing Company's automobile factory at
Syracuse, N. Y. His occupation required him to occupy a small
room from which he passed out tools to the workmen and received
tools from them through a window, in connection with which
window there was a shelf upon which the tools and materials were
placed as they were handed out or received by the claimant.
While claimant was engaged in writing out an order for some
materials on this window shelf for a workman, another workman
by the name of Randall came up and asked for wire. The claimant
took some wire in his left hand and handed it over to Randall
who had a file in his hand with which he started to file off a piece
of the wire of the necessary length while standing at the window.
Almost simultaneously with the act of handing out the wire,
claimant "greeted the said fellow employee [Randall] by pulling
the peak of his cap down over his eyes, and the said fellow employee

in attempting to lift the said cap from over his eyes with the same hand in which he held a file, the said file flew from its handle and struck claimant in the right eye." Claimant sustained loss of sight of the eye and the State Industrial Board has made an award, holding that it was an accidental injury arising out of and in the course of his employment. It is undisputed that it was a perfectly friendly act of greeting on the part of the claimant when he pulled the peak of Randall's cap down over Randall's eyes.

The referee who heard this case has endeavored to sustain the award upon the theory that the proximate cause of the accident was the faulty file and upon the theory that if it had not slipped out of the handle no accident would have occurred. We think, however, that the accident only flowed as a continuance of the primary act of the claimant who voluntarily stepped aside from his employment to satisfy a purely personal desire. It was, therefore, not an accidental injury arising out of his employment.

The cases are readily harmonized if we examine them to see whether in the particular case the injured employee would be deemed to have stepped aside from his employment by committing a voluntary act which proximately led to the accident, an act which had no relation to the protection or promotion of the master's interests but which was of a purely personal character, to satisfy a purely personal grievance, pleasure or other desire. If so he was not entitled to compensation. (*Stillwagon v. Callan Brothers, Inc.*, 183 App. Div. 141; *Griffin v. Roberson & Son*, 176 id. 6; *Matter of Di Salvio v. Menihan Co.*, 225 N. Y. 123; *Matter of Scholtzhauer v. C. & L. Lunch Co.*, 233 id. 12.) If his act was an involuntary reaction to a situation not initiated by himself, he could recover, provided the situation arose out of the doing of something in the interest of his employer. (*Matter of Heitz v. Ruppert*, 218 N. Y. 148; *Matter of Verschleiser v. Stern & Son*, 229 id. 192; *Matter of Markell v. Green Felt Shoe Co.*, 221 id. 493; *Matter of Knocks v. Metal Packing Corp.*, 231 id. 78.) And if he was innocently engaged in his work and not a participant in any sense in the affair out of which he received his injury, an affair which could be considered a factory condition reasonably to be expected, one of the perils of the service, even though not a matter tending to serve the master's business, such injured workman could recover. (*Matter of Leonbruno v. Champlain Silk Mills*, 229 N. Y. 470.)

The injury to the claimant in this case was the natural consequence of his own voluntary act, not related to the master's interests but purely personal in character and a departure from his employment when in a spirit of playfulness and friendly greeting he pulled Randall's cap over his eyes. This initiated the involun-

tary act of Randall by causing the latter to suddenly raise his hands toward his cap to readjust it. The looseness of the file in the handle was a purely secondary cause. If Randall, the innocent party, had been the one injured by having the file strike him in the eye, a different question would have been presented since in that case no charge could have been laid against Randall of having stepped out of his employment.

The award should be reversed, with costs against the State Industrial Board, and the claim dismissed.

H. T. KELLOGG, Acting P. J., and VAN KIRK, J., concur; KILEY, J., dissents, with a memorandum, in which HASBROUCK, J., concurs.

KILEY, J. (dissenting):

The claimant, Frost, lost his eye in an accident while at work for his employer. The evidence of what took place will sustain the following recital. Frost was at work in what is designated as a tool room, thirty by twenty feet, with a window in the wall of the east side. The window was four feet from the floor; it was three feet wide; underneath the sill was a shelf or counter. Men came to the window to get and to return tools and other accessories of the employer's business. A Mr. Griffith came and asked for something that was not then at hand and claimant, on this shelf, started to write an order to another department to hurry up the supply. As he commenced to write, one Randall came to the window and asked for wire. Claimant handed him a spool of wire with his left hand and by a continuance of the same motion of the arm pulled down Randall's cap, completing the motion of his hand, immediately commenced to write, or to continue with the writing. He was then three or four feet from Randall. He, Randall, had a ten-inch mill file in his hand (this has reference to the steel file without handle) and as he raised his hand to adjust his cap this heavy file fell from the handle striking the claimant, who was then writing, in the eye. Had the file been firmly fixed in the handle no accident could or would have happened, because of the distance the claimant was from Randall. His mind and his body, outside of the infinitesimal period of time his left arm was traveling in the arc from the spool of wire to his cap, was in his master's business, and the left arm was not necessary to the performance of the duty he was engaged in at the time. No intention to abandon his employment can be predicated upon these facts; no abandonment, in fact, occurred. Under the circumstances appearing here I feel constrained to dissent from the very able opinion of my associate. Whether the

act of either the claimant or Randall was friendly or otherwise, is not controlling here. I think the principles laid down in *Matter of Heitz* v. *Ruppert* (218 N. Y. 148); *Matter of Markell* v. *Green Felt Shoe Co.* (221 id. 493), and *Matter of Leonbruno* v. *Champlain Silk Mills* (229 id. 470) apply here. I am not unmindful of the distinction between the aggressor and the injured pointed out by my learned associate, but conditions underlying the employment in factories must not be lost sight of. Judge CARDOZO in the last cited case, adopting the doctrine laid down in *Hulley* v. *Moosbrugger* (87 N. J. L. 103), says " that it was ' but natural to expect them to deport themselves as young men and boys, replete with the activities of life and health. For workmen of that age or even of maturer years to indulge in a moment's diversion from work to joke with or play a prank upon a fellow workman, is a matter of common knowledge to every one who employs labor.' The claimant was injured, not merely while he was in a factory, but because he was in a factory, in touch with associations and conditions inseparable from factory life. The risks of such associations and conditions were risks of the employment."

I dissent and favor affirmance.

HASBROUCK, J., concurs.

Award reversed, with costs against the State Industrial Board, and claim dismissed.