(No. 6713. December 22, 1939.)

ELLIS CLINT TOTTON, Appellant, v. LONG LAKE LUMBER COMPANY, F. D. ROBINSON and NORTHWEST INDEMNITY EXCHANGE, Respondents.

[97 Pac. (2d) 596.]

Clay V. Spear and J. Ward Arney, for Appellant.

Nelson & Nelson, for Respondents.

MORGAN, J.—The industrial accident board found, and the facts disclosed by the record justify the findings, that on and prior to October 2, 1938, Long Lake Lumber Company and F. D. Robinson were engaged in the business of lumbering in Bonner county and had secured payment of compensation to their employees by insuring with Northwest Indemnity Exchange; that for the purpose of carrying on their business the employers maintained a camp situated about twenty-five miles northwest of the city of Sandpoint; that for the convenience of their employees regular bunk houses and kitchen facilities were established; that within the bunk houses steel beds were placed, constructed in the usual manner in general use throughout that area, built in tiers of two single bunks, one above the other; called "lower and upper bunks"; that no other rooming accommodations were available within a radius of twenty or twenty-five miles; that employees accepting such facilities were charged $1.30 a day for board and lodging, the amount being deducted from such employees' pay; that appellant worked for his employers about two and a half days, cutting saw logs, at an agreed price per thousand feet; that men working on a piece basis were permitted, if they so desired, to work seven days a week; that on October second, because of rain, appellant was unable to work; that during the night of October second, appellant, while asleep in an upper bunk, fell to the floor thereby receiving an injury; that the employers, through one of their agents, received notice of the injury by accident the following morning; that appellant was told by said agent to get ready and someone would take him to Dr. Page at Sandpoint; that he was taken to Sandpoint and, arriving there, did not go to Dr. Page, but consulted another doctor who treated him and advised him to go home; that he went to his home in Coeur d'Alene and there received treatment from a physician residing in that city; that as a result of said injury, by accident, claimant was totally, temporarily disabled for work from and including October 3, 1938, until April 15, 1939, at which time his disability for work ceased; that by reason of said injury, by accident,

appellant incurred expenses for medical treatment in the sum of $75, which was reasonable, and the treatment was necessary for the cure of his condition; that the lumber company and Robinson had entered into a hospital contract with Dr. Page, who was then conducting a hospital at Sandpoint, said contract providing for the care and treatment of all injuries and sickness to any of their employees; that appellant had not waived the provisions of Idaho Code Annotated, section 43–1108, or elected to receive the benefits of said contract in lieu thereof, but knew of said hospital contract; that appellant was an employee of said respondent employers and was earning an average of $30 per week.

In addition to the foregoing, the board further found that the accident did not arise out of and in the course of appellant's employment by the lumber company and Robinson, and made a ruling of law that he was not entitled to an award of compensation against respondents, or either of them, and that his claim for compensation should be denied and his application therefor be dismissed. Pursuant to that ruling an order was made denying compensation. This appeal is from that order.

Further facts, established by the evidence, show appellant was assigned to the bunk, from which he fell, by an agent of his employers, who had authority to assign the employees to the bunks they were to occupy, and that there were no unoccupied lower bunks available at the time; that some of the employees, who owned cars, slept in Sandpoint and those having no means of transportation occupied the bunk house.

Appellant assigns as error:

"1. The findings of fact by the board do not, as a matter of law, support the order denying compensation on the ground that appellant's injuries by accident did not arise out of and in the course of his employment.

"2. The findings of fact that appellant knew of the hospital contract between the employer and Dr. Page, and was instructed to see the latter for treatment, are not based upon any substantial, competent evidence."

We will dispose of the second assignment first. The assertion that the findings that appellant knew of the hospital contract and was instructed to go to Dr. Page for treatment

are not based on any substantial, competent evidence, is not supported by the record. There is conflict in the evidence with respect to this phase of the case and, while there is ample room for a different opinion as to what the finding should have been, we are bound by the amendment of section 9, article V of the constitution, proposed by the 1935 session of the legislature and ratified at the general election in 1936, which limits the jurisdiction of the supreme court, on appeal from orders of the industrial accident board, to a review of questions of law. (*Potter v. Realty Trust Co.*, 60 Ida. 281, 90 Pac. (2d) 699.)

Idaho Code Annotated, section 43–1107, contains the following:

"The employer shall provide for an injured employee such reasonable medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, as may be required or be requested by the employee immediately after an injury, and for a reasonable time thereafter. If the employer fails to provide the same, the injured employee may do so at the expense of the employer. . . . . "

Section 43–1108 contains a provision that nothing in the workmen's compensation law shall be construed as preventing employers and workmen from waiving the provisions of section 43–1107 and entering into mutual contracts or agreements providing for hospital benefits and accommodations to be furnished to the employee.

As above indicated the board found, and its finding is supported by the record, that the employers and employee in this case did not enter into a contract waiving the provisions of section 43–1107. That section makes the liability of the employer to pay expenses incurred by the employee for hospitalization, medical and surgical treatment, contingent on the failure of the former to provide it. Having made adequate medical treatment available to appellant, the employers were not liable for the expense he incurred in procuring other treatment.

The board's finding of fact to the effect that appellant was told by an agent of his employers to go to Dr. Page for treatment, and that he knew of the hospital contract between

his employers and Dr. Page, being supported, as it is, by substantial evidence is conclusive, and the action of the board denying recovery for expenditures made by him for medical and surgical services is affirmed.

The question presented by appellant's assignment of error numbered 1 is strictly one of law, for the facts presenting it are undisputed. The question is: Was appellant injured by accident arising out of and in the course of his employment? The Supreme Court of Wisconsin in *Holt Lumber Co. v. Industrial Com.*, 168 Wis. 381, 170 N. W. 366, 367, said:

"The general rule under the authorities is that when the contract of employment contemplates that the employee shall sleep upon the premises of the employer, the employee under such circumstances is considered to be performing services growing out of and incidental to such employment during the time he is on the premises of the employer. *Rucker v. Read*, 39 N. J. Law J. 48; *Chitty v. Nelson*, 2 B. W. C. C. 496; *Alderidge v. Merry*, 6 B. W. C. C. 450; *Griffith v. Cole Bros. et al.*, 183 Iowa, 415, 165 N. W. 577, L. R. A. 1918F, 923; *Meyers v. Michigan Cent. R. Co.*, 199 Mich. 134, 165 N. W. 703; *Cokolon v. Ship Kentra*, 5 B. W. C. C. 658; *International & G. N. R. Co. v. Ryan*, 82 Tex. 565, 18 S. W. 219."

See, also, Schneider's Workmen's Compensation Law, Second Edition, Vol. 1, sec. 279, pp. 861, 862; *John H. Kaiser Lumber Co. v. Industrial Com.*, 181 Wis. 513, 195 N. W. 329; *Malky v. Kiskiminetas Valley Coal Co.*, 278 Pa. 552, 123 Atl. 505, 31 A. L. R. 1082; *Ocean Accident & Guaranty Corp. v. Pallero*, 66 Colo. 190, 180 Pac. 95; *Larson v. Industrial Acc. Com.*, 193 Cal. 406, 224 Pac. 744; *State Compensation Ins. Fund v. Industrial Acc. Com.*, 194 Cal. 28, 227 Pac. 168; *Landeen v. Toole County Ref. Co.*, 85 Mont. 41, 277 Pac. 615; *Costley v. Nevada Industrial Ins. Com.*, 53 Nev. 219, 296 Pac 1011; *State Compensation Ins. Fund v. Industrial Com.*, 98 Colo. 563, 58 Pac. (2d) 759.

The circumstances of appellant's employment made it necessary for him to occupy the bunk which his employers furnished him, pursuant to the agreement entered into between them at the time he was employed. His injury, in falling from the bunk, arose out of and in the course of

his employment and he is entitled to recover compensation therefor.

The order of the board denying appellant compensation is reversed and the cause is remanded to the board with direction to award him compensation for injuries sustained by him, but not for expenses incurred by him for medical services. Costs are awarded to appellant.

Ailshie, C. J., and Budge, Givens and Holden, JJ., concur.