252 P.2d 1049

COLSON v. STEELE et al.

No. 7833.

Supreme Court of Idaho.

Jan. 10, 1953.

Rehearing Denied Feb. 16, 1953.

Elam & Burke and Clarence L. Hillman, Boise, for appellant.

E. B. Smith, Boise, for respondents.

PORTER, Chief Justice.

On December 29, 1950, appellant was and had been since September 25, 1950, in the employ of respondent Steele. He was a member of a surveying crew consisting of Charles McHarg, foreman, Lloyd Farmer, Marshal Spraker and appellant. The crew was engaged in surveying under a contract respondent Steele had with the Federal Government. The work was being done on a large tract of land at the Atomic Energy Project in Butte County.

The crew worked eight hours per day. Its members checked in at the government station on the project each morning at 8 A.M. and checked out at 4:30 P.M.

They had one-half hour for lunch. Each member of the crew furnished his own lunch with the exception of drinking water provided by the employer. Lunch was eaten while in the field on the project. The employer furnished a truck to the crew for use in the field for transporting its members and their equipment. Appellant was the driver of the truck on the day of the hereinafter described accident.

It was usual and customary for members of the surveying crew to carry pistols in holsters on their persons when working at considerable distances from the central station. These firearms were used at such times for target practice and to shoot rabbits found on the project. The foreman, from time to time, indulged in this practice with other members of the crew.

On the day in question, the crew was on the top of a mountain when a particular survey was finished just before noon. The foreman decided to have lunch then and after lunch to move further easterly to work in the afternoon. The truck was driven down the hill by appellant about a mile to a place somewhat sheltered from the cold wind. A fire was built for warmth and to toast sandwiches. Following lunch the foreman and Farmer sat about the fire to keep warm while appellant and Spraker engaged in target practice nearby, shooting at an orange peel on a rock. Each fired three shots from his own gun and then they walked over to the target and examined the same to determine their marksmanship. Each

then holstered his gun. Appellant turned and took a few steps toward the fire when Spraker's gun dropped from his holster and discharged a bullet which ricocheted and struck appellant in the left thigh and penetrated into his groin and abdominal region. The accident happened 15 minutes or more after the expiration of the half-hour lunch period. The crew was "more or less getting ready to go" to the truck when the accident occurred.

Appellant was taken to a hospital in Blackfoot and later removed to a hospital in Boise. It was found necessary to amputate his leg first just below the knee and later above the knee.

Appellant duly filed his application for workmen's compensation and petition for hearing thereon. The matter was heard by the board and an order was entered denying compensation to appellant. From such order this appeal is prosecuted.

The sole question presented on this appeal is whether the accident causing appellant's personal injury arose out of and in the course of his employment.

■ The facts hereinbefore recited were found by the board and are not in dispute. Where there is no dispute in the evidence and it is not reasonably susceptible of more than one inference, whether or not an accident to a workman arose out of and in the course of his employment is a conclusion of law rather than a finding of fact and may be reviewed by this court. Burchett

v. Anaconda Copper Min. Co., 48 Idaho 524, 283 P. 515; Vaughn v. Robertson & Thomas, 54 Idaho 138, 29 P.2d 756; Howard v. Texas Owyhee M. & D. Co., 62 Idaho 707, 115 P.2d 749; Louie v. Bamboo Gardens, 67 Idaho 469, 185 P.2d 712; Goodyear Aircraft Corp. v. Industrial Commission, 62 Ariz. 398, 158 P.2d 511.

■ We have held that injuries sustained by an employee upon premises owned or controlled by the employer are generally deemed to arise out of and in the course of employment. Burchett v. Anaconda Copper Min. Co., supra; Dutson v. Idaho Power Co., 57 Idaho 386, 65 P.2d 720; Skeen v. Sunshine Min. Co., 60 Idaho 741, 96 P.2d 497; Totton v. Long Lake Lumber Co., 61 Idaho 74, 97 P.2d 596: Louie v. Bamboo Gardens, supra.

■ The accident to appellant occurred on premises where he was required to work by his employer. It occurred during an extension by the foreman of the half-hour lunch period. Appellant was required by the nature of his employment to carry his lunch and eat it on the premises. At least after the expiration of the half-hour lunch period, appellant was under the control of the foreman and subject to his orders. After the expiration of the lunch period appellant's time belonged to and was being paid for by respondent, Steele. From these facts it follows that the accident to appellant arose in the course of his employment. "A worker eating lunch on the employer's premises is almost universally considered

as 'in the course of' the employment. De-Stefano v. Alpha Lunch Co., 1941, 308 Mass. 38, 30 N.E.2d 827; Blanche Charon's Case, 1947, 321 Mass. 694, 75 N.E.2d 511." Geary v. Anaconda Min. Co., 120 Mont. 485, 188 P.2d 185, 190.

■ The remaining question is, did the accident arise out of appellant's employment? In order for the accident to be held to have arisen out of employment, it is not necessary that it arise out of some act directly furthering the work of the employer. It is sufficient if the accident arises out of a risk incidental to the work as customarily conducted. Pacific Employers Ins. Co. v. Industrial Acc. Com'n, 26 Cal.2d 286, 158 P.2d 9, 159 A.L.R. 313; Goodyear Aircraft Corp. v. Industrial Com'n, supra; Geary v. Anaconda Copper Min. Co., supra; In re Loper, 64 Ind.App. 571, 116 N.E. 324; State ex rel. Johnson Sash & Door Co. v. District Court, 140 Minn. 75, 167 N.W. 283, L.R.A. 1918 E, 502.

In Hartford Accident & Indemnity Co. v. Cardillo, 72 App.D.C. 52, 112 F.2d 11, at pages 14–15, the court said:

"Nor is it necessary, as these cases show, that the particular act or event which is the immediate cause of the injury be itself part of any work done for the employer by the claimant or others. Otherwise no award could be given for many injuries now compensated, such as those caused by stray bullets, unexplained falls, objects falling from outside the employer's premises and work, many street risks, horseplay, most assaults and many other causes. * * * Not that the act is in the line of duty, or forwards the work, or creates special risk, but that the work brings the employee within its peril makes it, for purposes of compensation, 'part of the work' ".

In this case, the carrying of the firearms and the indulgence in pistol practice both during the hours of employment and at the lunch hour was usual and customary. Such practice was known, condoned and participated in by the foreman. Great Western Power Co. of California v. Industrial Accident Commission, 187 Cal. 295, 201 P. 931. It had become a risk of the work as usually conducted.

In the recent Montana case of Geary v. Anaconda Copper Min. Co., supra, a truck driver was engaged in playing handball during the lunch period with other employees in a garage owned by defendant and situated on the premises. Defendant's foreman was present and on other occasions had participated in the game. The game had been played daily for about three months. It was necessary for the employees to eat their lunch on the premises. The court held that an injury occurring to the employee during the game of handball was compensable. The various authorities and the conflicting views on the subject are discussed at length in this case.

The Montana case cites with approval Conklin v. Kansas City Public Service Co.,

226 Mo.App. 309, 41 S.W.2d 608, 614, where an accident happened during the lunch period and while workmen were engaged in playing indoor baseball, wherein the court held the injury arose from something which had become an incident to the employment and said: "We must hold, however, that the greater weight of authority is to the effect that where an injury arises out of a settled practice or condition known to the employer, with which there is a causal relation between the injury, and the employment, the injury is compensable."

The Montana case also cites with approval Thomas v. Proctor & Gamble Mfg. Co., 104 Kan. 432, 179 P. 372, 375, 6 A.L.R. 1145. In such case a seventeen year old girl was accustomed to taking her lunch with her and eating it on the premises of her employer with other girls in her department. She was paid by the hour but was not paid for the time included in the lunch period. The eating was usually done in fifteen minutes. For the other fifteen minutes, the girls amused themselves by riding on a small truck used in their department. This was done with the knowledge and consent of the foreman. No representative of the employer objected to this practice. The court pointed out that injuries received in play are not usually compensable but then went on to say:

"If the present case is to be taken out of the general rule, it must be upon the ground that the habit of the girl employes to play with the trucks during the noon intermission, with the knowledge and express consent of the foreman, and without objection by anyone representing the defendant, made such practice one of the conditions under which the business was carried on, upon much the same principle as employers are held liable for the results of horseplay which had grown into a custom."

Respondent relies upon the two Idaho cases of Stewart v. St. Joseph Lead Co., 49 Idaho 171, 286 P. 927, and Parker v. Twin Falls County, 62 Idaho 291, 111 P.2d 865. We do not deem either of such cases controlling herein. In the Stewart case, the superintendent of a mining company was injured while splitting wood to be used in preparing the evening meal. The superintendent was living on the premises in a house furnished by the company. The court held the injury not compensable. The work of splitting wood was performed after the hours of employment ceased and upon premises occupied by claimant as a home and over which he had dominion. Neither the claimant nor the premises which he occupied were under the control of the company at the time of the accident.

In the Parker case, the Sheriff of Twin Falls County made a trip in furtherance of his official business to Oasis, Nevada. He then went to Delle, Utah, on a side trip to visit relatives. It was while he was returning to Oasis from his side trip that the accident happened. At the time of the ac-

cident, the sheriff was neither upon premises where his official business required or permitted him to be, nor was he engaged in any official business. The court denied compensation.

We have repeatedly recognized that in determining whether an accident arises out of and in the course of employment, each case must be decided upon its own attendant circumstances under a liberal construction of the Workmen's Compensation Act to effectuate its intent and purpose. Dutson v. Idaho Power Co., supra, and Burchett v. Anaconda Copper Min. Co., supra. With this rule in mind, we conclude that the accident from which appellant suffered personal injury arose out of and in the course of his employment, and that the board erred in entering an order denying an award of compensation. The order is reversed and the cause remanded to the Industrial Accident Board with direction to enter the proper award of compensation. Costs to appellant.

GIVENS and THOMAS, JJ., concur.

KEETON, Justice (dissenting).

It seems to me all that is necessary to determine the issues presented in this matter is to read the pertinent parts of the Workmen's Compensation Act and conclude that the Board was correct and its decision should be upheld.

While engaged in pistol practice, in nowise connected with the injured workman's employment, and while performing no duty for the employer, due to misfortune or claimant's own negligence, he received the injury complained of.

Claimant was employed as a member of a surveying crew. He was not employed to shoot jack rabbits or engage in pistol practice.

During the lunch period, and not at the immediate site of employment, claimant, while in nowise engaged in the work for which he was employed, or incidentally connected therewith, suffered the injury complained of.

Sec. 72–102, I.C. provides in part:

"The common law system governing the remedy of workmen against employers for injuries received in industrial and public work is inconsistent with modern industrial conditions."

By the provisions of Sec. 72–201, I.C., a workman, to receive compensation, must be injured by an accident arising out of and in the course of his employment. The injury suffered by claimant had no connection with any employment in which he was engaged or employed, nor was the injury inflicted while claimant was under the direction of the master, nor was he doing anything at the time in furtherance of the master's business. The injury was not one suffered which would be compensable at common law under any theory of liability of master and servant. If the legislature intended to cover accident and injury of the

nature described here, the act certainly does not so say. It is not the province of this Court to amend the Workmen's Compensation Act and read into it something plainly excluded by the legislature.

The opinion says that the truck or jeep which took the men to and from work was furnished by the employer. The manner in which the injured workman travelled to and from work is in nowise associated or connected with the injury suffered.

The custom of the workers to carry pistols and engage in target practice, and the shooting of jack rabbits, had no connection whatsoever with the work for which the claimant was employed.

The Workmen's Compensation Act is not an insurance act. State ex rel. Gallet v. Clearwater Timber Co., 47 Idaho 295, 274 P. 802, 66 A.L.R. 1396. Nor has the legislature undertaken to provide compensation for those injured under the circumstances presented.

Knowledge, if any, of the foreman, and the custom of employees to carry pistols is inconsequential. It is not the duty of the master to exercise a guardianship over the employees while not on the job.

Negligence or knowledge of the employer and fault of the employee or contributory negligence are not issues in a workmen's compensation case and cannot affect the result. Clumsiness, rashness or ineptitude are not controlling matters. The question is was the injury caused by an industrial accident.

One of the fundamentals of the theory of Workmen's Compensation is to provide certain financial and medical benefits for victims of work-connected injuries. Target practice was not an insignificant antic in anywise connected with the employment. The claimant was deliberately and substantially outside of his employment at the time of the accident. In other words, the injured employee had for the time being abandoned his employment. At the time of the accident there were no duties to perform and none was being done. The phrase "arising out of employment" under the Workmen's Compensation Act implies some causal connection between the accidental injury and the injured person's employment.

In the case at bar claimant had voluntarily abandoned his work and engaged in an act wholly foreign to his duty and personal to himself.

In the case of Gaurin v. Bagley & Sewall Co., 298 N.Y. 510, 80 N.E.2d 660 an employee was killed when he interrupted his work of piling lumber to engage in a prank of pushing a dilapidated wagon over the river bank into the river. His clothing became entangled and he was thrown into the river and drowned. The court of appeals held "There is no evidence in this record that the death * * * arose out of and in the course of his employment" citing Frost v. H. H. Franklin Mfg. Co., 204 App.

Div. 700, 198 N.Y.S. 521, affirmed 236 N.Y. 649, 142 N.E. 319. Cf. Industrial Com'r (Sequin) v. McCarthy, 295 N.Y. 443, 68 N.E.2d 434, 436.

In Givens v. Travelers Ins. Co., 71 Ga. App. 50, 30 S.E.2d 115, an employee was injured, the result of horseplay or fooling. The Supreme Court of Georgia said: "To be compensable it must appear that injury arose out, of, in the course of employment, and that the accident was within the purview of the act, and unless all three elements concur recovery is not authorized." Numerous cases sustaining the view are cited in the opinion.

In Hughes v. Tapley, 206 Ark. 739, 177 S.W.2d 429, 431, an employee stepped aside from his employment to engage in a prank in order to frighten another employee. The court held "An injury to an employee does not ordinarily arise out of the employment where it results from sportive acts of co-employees, or horseplay or skylarking, *in which the employee takes an active part*". (Emphasis supplied.)

A distinction is made in Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S.W. 152, 153, 13 A.L.R. 524, in cases where the injured workman himself is participating in acts deviating from his duties and where he is an innocent bystander. In the case before us, the claimant was actively participating in an undertaking in no wise connected with his employment or his duties.

An injury may be regarded as arising out of employment if it results from a risk or danger to which workmen are exposed by reason of being engaged in performance of their duties, not otherwise.

In Neal v. Boeing Airplane Co., 161 Kan. 322, 167 P.2d 643, 644, the Supreme Court of Kansas held:

"An employee's injury, not resulting directly from performance of work for which he was employed, must at least have been suffered while performing some act normally and commonly incident to such work to be compensable. * * *

* * * * * *

"Whether injuries to employee as result of employees' sportive acts or horseplay, even by a participant therein, should be regarded as perils of employment, covered by Workmen's Compensation Act, is question for legislature, not court. * * *

"An employee is not entitled to compensation under Workmen's Compensation Act for injuries sustained as result of play or sportive act of his own with other employees. * * *

"Injuries to one employed as expediter of production when heavy roll of paper, which he was attempting to raise above his head as pastime, slipped and fell against his neck, did not 'arise out of employment' within Workmen's Compensation Act."

In Simon v. Standard Oil Company, 150 Neb. 799, 36 N.W.2d 102, the court held.

that an employee who departed from his customary employment a distance of *thirty feet*, and from where his duties required him to be, and voluntarily placed his hand in close proximity to a fan which it was no part of his duties to operate, and sustained an injury, it was not in the course of the employment and was not compensable. Quoting from the case, 36 N.W.2d on page 105:

"Appellee had no duty or obligation concerning the operation, inspection, care or maintenance of the fan. It was not operating until after the duties of the day of the accident were completed. The fan was a fixture and was not a machine for the conduct of the business of the appellant. It was properly installed and presented no dangers not incident to any such device. Appellee under the evidence in this case had no more occasion to go to the fan and test its operation than he would have had to go to the place of a circular saw or any dangerous machine that might be properly installed for the conduct of the business, for the purpose of testing whether the saw or machine was in motion. He had completed all his work of that day before the fan was put in motion. He was to the right and south of the wash room when he finished his duties for that day. That place was much more than 30 feet from and in a different room than the one in which the fan was located. Contrary to being engaged in the pursuit of any duty of his employment or anything even remotely incident thereto, the appellee, not passively, but voluntarily and intentionally, went to and attempted to test a fixture with which he had no concern, duty, or responsibility. He placed his hand in close proximity to the fan for the sole purpose of satisfying his curiosity as to the suction power of the fan—'to see how much air it was pulling through it.' It is certain that the accident had no connection with his employment or any matter reasonably necessary or incident to the work of his employment."

Further cases denying compensation due to horseplay and curiosity see Sullivan's Case, 128 Me. 353, 356, 147 A. 431; Peterman v. Industrial Commission, 228 Wis. 352, 280 N.W. 379; Maronofsky's Case, 234 Mass. 343, 125 N.E. 565.

It has been held that trivial and insubstantial deviations from duty which do not measurably detract from the work are not sufficient departures from the scope of employment as to prevent an award of compensation in case of an accidental injury. Such is not the case before us.

It further seems to me that our Court has fully disposed of the issue presented here in the case of Stewart v. St. Joseph Lead Co., 49 Idaho 171, 286 P. 927, and Parker v. Twin Falls County, 62 Idaho 291, 111 P. 2d 865.

In Stewart v. St. Joseph Lead Co., supra, this Court held that the splitting of wood

to be used in preparing a meal for the claimant did not constitute a part of claimant's employment. Hence the injured workman is not entitled to recover, and in Parker v. Twin Falls County, supra, a sheriff who had deviated from the usual mode of travel while in attendance of his duties and was traveling on a personal mission of his own, was not engaged in any business actively pertaining to his employment.

It also appears to me that the majority opinion reverses and sets aside the following well reasoned Idaho authorities: State ex rel. Gallet v. Clearwater Timber Co., 47 Idaho 295, 274 P. 802, 66 A.L.R. 1396; Roberts v. Dredge Fund, 71 Idaho 380, 232 P.2d 975 holding that in order to recover compensation an injury must have been received in the course of workman's employment and while he was doing some act reasonably incidental to his work. Eriksen v. Nez Perce County, 72 Idaho 1, 235 P.2d 736. In this case this Court held:

"Injuries received by employee while voluntarily engaged in some activity undertaken solely for his own benefit do not ordinarily arise out of and in course of employment, especially where activity is not an incident of employment, and has no connection or relation to employment."

See also, Walker v. Hyde, 43 Idaho 625, 253 P. 1104; In re Croxen, 69 Idaho 391, 207 P.2d 537.

Cases cited to sustain the majority opinion:

Destefano v. Alpha Lunch Co., 308 Mass. 38, 30 N.E.2d 827, presents an altogether different situation. In that case the employer furnished the meal that was eaten by the employee and which poisoned her. The action was a common law action for tort. I do not read the case as an authority for the matter presented here. The injury in that case was at least incidental to the employment. In re Charon's case, 321 Mass. 694, 75 N.E.2d 511 is not a skylarking case at all. The employee was struck by lightning while on the job. I do not consider the case in point.

In re Loper, 64 Ind.App. 571, 116 N.E. 324, the injured employee was on the job and was not participating in the act which caused the injury.

In State ex rel. H. S. Johnson Sash & Door Co. v. District Court, 140 Minn. 75, 167 N.W. 283, L.R.A.1918E, 502, the injured employee was hurt while on the job by a sportive act in which he took no part. I do not consider this case in point with the holding here.

The nearest case in point cited in the majority opinion is Geary v. Anaconda Copper Min. Company, 120 Mont. 485, 188 P.2d 185. This opinion was written by a divided court and I can find no other case in the books sustaining the theory. The dissenting opinion of Justice Gibson in that case points out forcibly that the injury complained of did not arise out of and in the

course of employment, and further that an accident arises in the course of employment if it occurs while the employee is performing some duty of his employment or some act incidental thereto, not otherwise.

It seems to me the majority opinion in the Montana case, if considered authority for the majority holding here, was based more on the judges' feeling than on a sustainable proposition of law.

It is my opinion the accident here complained of did not arise out of or in the course of employment, and the opinion establishes a precedent of such far reaching importance and implications that the rule announced should not be upheld. Hence, I dissent. I think the Board's ruling was correct.

TAYLOR, J., concurs in this dissent.